## G. RICORDI & CO. v. MASON.

(District Court, S. D. New York. October 31, 1912.)

COPYRIGHTS (§ 60*)—INFRINGEMENT—OPERAS—"MAKE ANY OTHER VERSION THEREOF."

    Copyright Act March 4, 1909, c. 320, § 1, 35 Stat. 1075 (U. S. Comp. St. Supp. 1911, p. 1472), gives to the owner of a copyright the exclusive right to translate the copyrighted work into other languages or dialects, or to make any other version thereof, if it be a literary work, etc. *Held*, that the words "make any other version thereof" were not to be strictly construed, so as to include mere abridgments or versions of copyrighted plays and operas, and hence a booklet, giving a mere fragmentary description of the various scenes of operas, and entitled "Opera Stories," not taken from the librettos, was not an infringement of the copyrights on the librettos.

    [Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 56; Dec. Dig. § 60.*]

In Equity. Suit by G. Ricordi & Co. against Henry L. Mason. Bill dismissed.

Nathan Burkan, of New York City, for complainant.

George F. Lewis, of New York City (Alexander P. Brown, of counsel), for defendant.

HAZEL, District Judge. This is an action to enjoin the defendant from publishing and selling nondramatic versions of the copyrighted operas "Germania" and "Iris," owned by the complainant, and to recover damages and obtain an accounting of the profits realized by the defendant from the sale of said versions in a publication entitled "Opera Stories." There is no dispute of fact, and the question involved is solely one of statutory construction.

A motion heretofore made by complainant for a preliminary injunction was denied by Judge Coxe, who assigned his reasons therefor in an interesting opinion, which is published in 201 Fed. 182, which counsel have submitted to me. My own views, as intimated on the trial, that the versions of the operas contained in the defendant's publication are not an infringement of complainant's copyrighted librettos or their English translations, are clearly confirmed by Judge Coxe's decision. Although section 1 of the Copyright Act, which went into effect July 1, 1909 (Act March 4, 1909, c. 320, 35 Stat. 1075 [U. S. Comp. St. Supp. 1911, p. 1472]), in broad terms gives complainant the exclusive right "to translate the copyrighted work into other languages or dialects, or make any other version thereof," etc., still the summing up of a libretto by merely outlining the plot or theme, detailing the incidents in such a way as to give in the fewest words pos-

sible the so-called story, as was done by the defendant with the operas "Germania" and "Iris," does not constitute the making of such a version thereof as was in the contemplation of Congress when the copyright statute was enacted.

A literal definition of the words "make any other version thereof" would not only include the defendant's publication, but also the newspaper publication, after performance, of any reviews or criticisms, even when written by reporters invited by the owner of the play to witness the production. The publication of abridgments or versions of the play or opera being permitted to the newspapers, it makes no difference that another, without dialogue or stage directions, embodies practically the same information in a salable booklet. Indeed, the proofs show that the information as to the theme or plot of the operas in question was not taken by defendant from complainant's copyrighted librettos, but that the version of "Germania" was derived from a newspaper, and that of "Iris" from a German publication. Of course, if the defendant's stories consisted of mere modifications of the copyrighted works, or abridgments thereof, reproducing portions of the dialogue, words, or phrases, the scenes, and characters, a different question would be presented.

As the proofs stand, however, I am convinced, as was Judge Coxe on the motion for preliminary injunction, that the defendant's "Opera Stories" is not an invasion of the copyrights secured to the complainant by statute or an interference therewith.

A decree may be entered dismissing the bill, with costs.